CONTINENTAL BANK & TRUST CO. v.
DEALEY BROS. et al. (No. 1299.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 5, 1914.)

1. SALES (§ 363*)—QUESTIONS FOR JURY.

Where conflicting testimony made an issue as to whether one of the defendants was the purchaser of certain shingles or not, it was error to peremptorily instruct the jury that plaintiff, suing as assignee of the indebtedness for the purchase price, was not entitled to recover as against such defendant.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1064; Dec. Dig. § 363.*]

2. TROVER AND CONVERSION (§ 34*)—ISSUES AND PROOF.

Proof of several and distinct conversions by two persons will not support a recovery for a joint conversion.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 207–214; Dec. Dig. § 34.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by the Continental Bank & Trust Company against Dealey Brothers and others. From a judgment for plaintiff against one of the defendants, and for the other defendants against the plaintiff, plaintiff appeals. Reversed and remanded.

About October 3, 1907, the C. A. Bonds Lumber Company shipped two cars of shingles from Shreveport, La., to the Craven Lumber Company in Dallas, Tex. It appeared from the face of the invoices made by the Bonds Company to cover the shipments that the Craven Company were the purchasers of the shingles. The Craven Company contended it had not purchased them, but had merely agreed with the Bonds Company to receive and sell them on the Bonds Company's account. To secure $610 advanced to it on the shipment by appellant, the Bonds Company on October 5, 1907, delivered the invoices and bills of lading covering the shipments to appellant, after having printed with a rubber stamp on each of the two invoices the following:

"Transferred for value received to Continental Bank & Trust Co., Shreveport, La. Remit direct to them for account of C. A. Bonds Lbr. Co., by C. A. Bonds."

Appellant, believing that the Craven Company was the purchaser of the shingles as shown by the invoices, forwarded the invoices and the bills of lading to said Craven Company, without at the same time, by letter or otherwise, advising the Craven Company it had done so. The Craven Company, after receiving the invoices and bills of lading, advised the Bonds Company it did not care to handle the shingles, and afterwards, having been directed by the Bonds Company to do so, delivered the invoices and bills of lading to C. L. Dealey, then doing business in Dallas under the name of Dealey Bros., who had agreed with the Bonds Company to undertake to sell same on its account. October 26,

1907, Dealey sold the shingles to one Tims in Ft. Worth, to be paid for by the latter in 90 days from that date. Tims never paid for the shingles, and before the expiration of the 90 days credit given to him was adjudged a bankrupt. Appellant's suit was against the Bonds Company, C. A. Bonds, the Craven Company and Dealey. The Craven Company in its answer prayed that, if appellant recovered against it, it have judgment for the amount so recovered over against the other defendants. In accordance with a verdict returned by the jury in compliance with peremptory instructions given them by the court, judgment was rendered in appellant's favor against C. A. Bonds, "doing business," it was recited in the judgment, "under the trade-name of Bonds Lumber Company," for the sum of $610 and interest, and, in favor of the Craven Company and Dealey against appellant for costs. From the judgment so rendered appellant prosecuted this appeal.

W. H. Clark and M. M. Plowman, both of Dallas, for appellant. Halloway & Halloway, W. M. Pierson, and L. P. Pierson, all of Dallas, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] In its petition appellant alleged that the Craven Company purchased the shingles of the Bonds Company, and that the Bonds Company assigned to it the indebtedness for the purchase price thereby arising in that company's favor against the Craven Company. As the owner of this debt appellant sought judgment against the Craven Company for the amount thereof. By other counts in its petition appellant sought, in the event it should appear that the Craven Company had not purchased the shingles, judgment against that company and Dealey Bros. on the theory that they, acting together with the Bonds Company in pursuance of a scheme to defraud it, had converted the shingles by the sale thereof to Tims. The allegation that the Craven Company purchased the shingles and became indebted to the Bonds Company for the purchase price thereof was supported by the testimony of C. A. Bonds that the Craven Company "agreed to buy and did buy the shingles in controversy." This testimony, and testimony showing the Bonds Company to have assigned its claim against the Craven Company for the purchase price of the shingles to appellant, made an issue as to whether the latter company had purchased the shingles or not, which should have been submitted to the jury. The trial court had no right, because it was contradicted by other testimony in the case, to determine the question himself. It must be held, therefore, that that court erred when he peremptorily instructed the jury that appellant was not entitled to recover anything as against the Craven Company; for, clearly, appellant was

entitled to recover against that company if it was true, as the jury might have found it to be, that the Craven Company as purchasers of the shingles had become indebted to the Bonds Company. On another trial, if the testimony makes an issue, as it did on this one, as to whether the Craven Company was the purchaser of the shingles or not, the jury should be instructed to find for appellant as against that company if they believe it purchased the shingles, and, in that event, to find against appellant on its claim of liability to it on the part of Dealey Bros.; for if the Craven Company was the owner of the shingles, Dealey Bros., in selling same to Tims, were not guilty of a conversion thereof as against appellant.

[2] In reversing the judgment so far as it is in favor of the Craven Company and Dealey Bros., on the ground stated, we do not mean to be understood as holding that the peremptory instruction given either would or would not have been error if the testimony had not made an issue as to whether the Craven Company was the purchaser of the shingles or not. With reference to this phase of the case we will not say more than that we are inclined to believe the testimony was not sufficient to support a finding that the Craven Company and Dealey Bros., if the former was not the purchaser of the shingles, acted together in converting same. If they did not act together in the matter, but were liable, if at all, as for several and distinct conversions, it may be it was not error to so instruct with reference to this branch of the case, on the theory that appellant, having alleged a joint conversion, and proved several and distinct conversions, was not entitled to recover. Strawbridge v. Stern, 112 Mich. 16, 70 N. W. 331; Cooper v. Blair, 14 Or. 255, 12 Pac. 370; Dahms v. Sears, 13 Or. 47, 11 Pac. 891; Larkins v. Eckwurzel, 42 Ala. 322, 94 Am. Dec. 651; 15 Plead. & Prac. 562; 21 Plead. & Prac. 1033.

Bonds is not in the attitude of complaining of the judgment against him. Therefore it will be affirmed as to him, and will be reversed in other respects, and will be remanded for a new trial as between appellant, the Craven Company and Dealey Bros.